UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:14-CR-122 |
| Plaintiff, | : | |
| vs. | : | |
| Eric Lusenhop, | : | |
| Defendant. | : | |

**ORDER**

Defendant, Eric Lusenhop, has filed a post-trial supplemental motion for judgment of acquittal or, alternatively, for a new trial on Count Two of the indictment. (Doc. 55) The Government has filed its response (Doc. 55).

After a five day trial, a jury found Defendant guilty of three charges: Count One, felon in possession of ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2); Count Two, carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A); and Count Three, carjacking in violation of 18 U.S.C. §2119. The jury also returned a special verdict on Count Two, concluding that Defendant discharged a firearm during the crime of violence (the carjacking). The jury's verdicts were entered on May 8, 2015. (Doc. 45) The Court denied Defendant's renewed oral motion for acquittal following the verdicts.

Defendant filed his supplemental motion on July 30, 2015, citing Rules 29 and 33 of the Federal Rules of Criminal Procedure. Rule 29 states that the court may grant an acquittal if it concludes that the evidence adduced at trial is insufficient to sustain a conviction. A motion or a renewed motion for acquittal after verdict must be made

within 14 days of the date the jury is discharged. Rule 33 permits the court to vacate a judgment and grant a new trial in the interest of justice. If the motion is based on any ground other than newly discovered evidence, it must be filed within 14 days of the jury's verdict. Defendant asks the Court to consider his supplemental motion timely under Rule 45(b), which permits the Court to extend the time for filing a motion for acquittal, if good cause is shown for the delay. Defendant argues that a very recent decision of the Supreme Court, upon which his arguments are based, is sufficient good cause to excuse his late filing.

On June 26, 2015, the Supreme Court announced its decision in Johnson v. United States, 135 S.Ct. 2551 (2015). Johnson held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), is unconstitutionally vague and therefore void. In that case, the defendant (Johnson) pled guilty to felon in possession charges under Section 922(g). At sentencing, the government asked the trial court to enhance Johnson's sentence under the ACCA, based on three of his prior offenses that qualified as "violent felonies" under the residual clause. One of his prior convictions was for unlawful possession of a short-barreled shotgun, which the trial court concluded was a violent felony under the residual clause's definition, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The trial court sentenced Johnson to 15 years under Section 924(e)(1). The Supreme Court held that increasing Johnson's sentence under the residual clause denied him due process of law, and that the ACCA's residual clause is unconstitutionally vague. The Court also made clear that its conclusion about the residual clause "does not call

into question application of the Act to the four enumerated offenses,[1] or the remainder of the Act's definition of a violent felony." Id. at 2563.

The government argues that Defendant's motion is untimely. Rule 45 permits the court to grant additional time if the request is made before the original period for filing the motion expires. The jury's verdicts were returned on May 8. Johnson was announced on June 26, yet Defendant did not file his motion until July 30 and does not explain that delay. The government also notes that the dispute about the ACCA's residual clause is hardly new, given the number of reported decisions and the many conflicting results reached by courts about the proper application of that clause. Nothing prevented Defendant from raising this challenge earlier in this case.

While Defendant's supplemental motion is technically late, the Court will not deny it on that basis, in the interests of justice. Defendant's motion was filed 33 days after Johnson was decided, and there is no doubt that the Supreme Court's opinion has a major impact on the proper application of the ACCA. Defendant has not been sentenced, and considering and ruling on his motion will not delay that hearing which is scheduled for September 21.

Defendant's motion argues that the reasoning of Johnson applies to and invalidates Section 924(c)(3)(B), because that section uses similar language to that of the ACCA residual clause's definition of "violent felony." Section 924(c)(3)(B) defines a "crime of violence" (for purposes of Section 924(c)(1)) as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another

---

[1] The four enumerated offenses included in Section 924(e)(2)(B)(ii) are burglary, arson, extortion, and an offense involving the use of explosives.

-3-

may be used in the course of committing the offense." The residual clause, Section 924(e)(2)(B)(ii), defines a "violent felony" as one that "presents a serious potential risk of physical injury to another." Defendant contends that Section 924(c)(3)(B) requires a "categorical approach" to determine if an offense falls within its definition, just as the residual clause does. He notes that this Court instructed the jury that the offense of carjacking is a crime of violence as a matter of law, a conclusion he concedes was established by existing case law at the time of his trial. See, e.g., United States v. Johnson, 22 F.3d 106, 108 (6th Cir. 1994), noting that "Armed carjacking is a specific crime of violence carrying a nonmandatory sentence." But after the Supreme Court's decision in Johnson, Defendant suggests that the premise underlying the Court's instruction and his conviction on Count Two of the indictment is untenable.

The Court rejects Defendant's argument for several reasons. The Court agrees with the Government's contention that nothing in the Supreme Court's decision suggests that armed carjacking can no longer be considered a crime of violence for purposes of Section 924(c)(1)(A). The Government cites Leocal v. Ashcroft, 543 U.S. 1 (2004), discussing 18 U.S.C. §16 which contains an identical definition of a "crime of violence" as that contained in Section 924(c)(3). The question in Leocal was whether a state conviction for DUI resulting in personal injuries qualified as a "crime of violence" under 18 U.S.C. §16; the Court held it did not. The phrase "use ... of physical force against the person or property of another" used in Section 16(a) (and in Section 924(c)(3)(A)) in its ordinary and natural meaning, connotes the active employment of force, and a higher degree of intent than negligent or accidental conduct. Id. at 9 (internal citations and quotations omitted). Nor did the DUI conviction qualify under the

-4-

broader definition of Section 16(b) (and in Section 924(c)(3)(B)), a felony involving "a substantial risk that physical force ... may be used in the course of committing the offense." The Supreme Court noted that this broader definition covers offenses "that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense. The reckless disregard in Section 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." Id. at 10 (emphasis in original). The Court noted that the "classic example" of such offenses is burglary, because by its very nature, it involves a substantial risk of the use of force against the victim.

The Court is hard-pressed to agree with Defendant's contention that the crime of carjacking does not involve a "substantial risk of the use of force" against the victim of that crime, or against his property. This is particularly true in Defendant's case. A surveillance video at the gas station where the carjacking occurred was shown to the jury. And his victim testified that he was accosted and then shot by Defendant (fortunately the bullet passed without causing serious physical injury). Based on all of the evidence at trial, the jury returned a special verdict finding that Defendant had discharged a firearm during the carjacking.

Moreover, as the Government points out, the language of Section 924(e)'s residual clause differs substantially from Section 924(c)(3)(B). The residual clause requires an assessment of the risk of physical injury. And prior case law required a sentencing court to look solely at the elements of a previous conviction in order to determine whether it presented "a serious potential risk of physical injury" (the

"categorical approach"). In Johnson, the Supreme Court noted that the residual clause's language left "grave uncertainty" as to how that risk should be measured, as well as uncertainty about the quantum of risk necessary to place a crime into the realm of a "violent felony." The Court cited numerous cases attempting to place a constellation of offenses on one side or the other of the "violent felony" residual clause definition, which the Court believed also reflected the statute's "hopeless indeterminacy." Id. at 2558. In contrast, in Leocal, the Supreme Court held that Section 924(c)(3)(B) does not require the court to measure the risk of **harm**, but more simply whether the offense involves a risk of the **use of physical force**.

    The elements of the federal carjacking statute include the taking of a motor vehicle "by means of force and violence or by intimidation;" that a defendant "intended to cause death or serious bodily harm;" and that he "possessed such intent when he took the motor vehicle." The Court has no trouble finding that the act of taking a car from someone else "by means of force and violence or by intimidation" involves a substantial risk of the use of physical force. Nothing in Johnson reasonably suggests that if presented with the question, the Supreme Court would conclude that Section 924(c)(3)(B) is unconstitutionally vague.

    Defendant also argues that carjacking does not qualify as a crime of violence under the narrower definition of Section 924(c)(3)(A), a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." This argument is not premised upon the recent decision in Johnson, and Defendant's motion largely relies on an earlier Supreme Court decision

-6-

(involving a different defendant), Johnson v. United States, 559 U.S. 133 (2010). That case addressed the ACCA's narrower definition of a "violent felony" contained in Section 924(e)(2)(B)(i), a felony that has "as an element the use, attempted use, or threatened use of physical force against the person of another...". This language is essentially identical to Section 924(c)(3)(A), with the addition of force used "against the person **or property** of another...". The Supreme Court held that the phrase "physical force" means violent force, "that is, force capable of causing physical pain or injury to another person." Id. at 140.

This argument was not, to the best of the Court's knowledge, presented in any of Defendant's oral motions for acquittal made at the close of the government's case or after the jury's verdicts were returned. Defendant does not suggest that the recent Johnson decision changed the landscape regarding the proper application of Section 924(c)(3)(A); indeed, as noted above, the Supreme Court expressly stated that nothing in its opinion about the ACCA's residual clause calls into question the definition of a "violent felony" contained in Section 924(e)(2)(B)(I). The Court would be well within its discretion to deny this aspect of his motion on the basis of untimeliness.

In any event, the Court rejects Defendant's argument. He suggests that because carjacking can involve either "force and violence" or "intimidation," the crime does not categorically require the use or threatened use of physical force against the victim. As the Government notes, in **this** case the evidence clearly in sufficient to support the jury's verdict, that the crime involved the use or threatened use of physical force. As already stated, the jury found that Defendant had a firearm and actually discharged it,

acts that clearly satisfy the carjacking elements of "force and violence" and/or "intimidation." Moreover, as the jury instructions stated, carjacking by "intimidation" requires an act that is "knowingly and deliberately" done, and which was done to produce "a reaction of fear of bodily harm." Intentional, knowing conduct is an essential element, whether the carjacking is accomplished by use of force and violence, or by intimidation.

Defendant suggests that mere "threats" of bodily harm do not necessarily require the use of "physical force" as defined by the Supreme Court. The Government responds that the carjacking statute does not need a "stand-alone" element of a "threat" to use physical force, and that its elements certainly include any such "threats." Defendant's hypothetical examples of situations involving "threats" without the actual use of physical force exerted against a person do not require a conclusion that **his** offense is not a "crime of violence" as a matter of law under Section 924(c)(3)(A). To the contrary, the Court concludes that substantial evidence in the record supported the jury's verdict and special verdict on Count Two, finding that Defendant used or carried a firearm during and in relation to a crime of violence, carjacking.

For all of the foregoing reasons, Defendant's supplemental motion for acquittal or a new trial on Count Two of the indictment (Doc. 55) is DENIED.

SO ORDERED.

DATED: August 25, 2015                         s/Sandra S. Beckwith
                                               Sandra S. Beckwith, Senior Judge
                                               United States District Court